672 F.2d 687
 6 Collier Bankr.Cas.2d 247, 8 Bankr.Ct.Dec. 1354
 Dewey L. BUFFINGTON, Jr., Individually and Dewey L.
Buffington d/b/a Buffington Realty Co., Appellants,
v.
FIRST SERVICE CORPORATION, The Twin City Bank and
Metropolitan National, John D. Toney, Sr., Mary R.
Toney, Commonwealth Federal Savings and
Loan Association, Appellees.
 No. 81-2013.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 10, 1982.
Decided March 16, 1982.
 
 R. J. Brown, P. A. by Robert J. Brown, Little Rock, Ark., for appellants.
 E. DeMatt Henderson, Little Rock, Ark., for appellees.
 Before BRIGHT and ARNOLD, Circuit Judges, and DAVIES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 In this second appeal brought by appellants Dewey L. Buffington, et al. (debtors), appellants seek to raise a jurisdictional objection to successive orders of the bankruptcy court dismissing debtors' reorganization petitions under Chapter XI of the Bankruptcy Reform Act of 1978. In the prior appeal, Buffington v. Adams, --- F.2d ----, No. 81-1641 (8th Cir. Nov. 12, 1981 (unpublished)), we rejected the debtors' efforts to enjoin the dismissal by the bankruptcy judge.[1] We noted in our prior opinion, however, that similar issues were pending in a separate appeal from an earlier order by another judge of the United States District Court for the Eastern District of Arkansas.[2] In that order, the district court dismissed debtors' appeal from the bankruptcy judge's decision to abstain and dismiss debtors' reorganization petitions under 11 U.S.C. § 305. The district court concluded that the bankruptcy judge had properly abstained and that the statute bars review of the bankruptcy judge's decision.
 
 
 2
 We now have before us an appeal from that order of the district court. After reconsidering the jurisdictional challenge to the order of the bankruptcy court, we reject the debtors' contentions. Accordingly, we affirm the order of the district court.
 
 
 3
 We briefly review the relevant background of the present appeal, as set out in Judge Roy's memorandum and order of August 19, 1981:
 
 
 4
 The instant appeal (in the United States District Court for the Eastern District of Arkansas from the bankruptcy judge's ruling) arises from the March 23, 1981, Memorandum and Order of the Honorable Arnold M. Adams, United States Bankruptcy Judge, who found that "it is to the best interest of the debtor and creditors that this Court should, and does hereby, abstain and dismiss," citing 11 U.S.C. § 305.
 
 
 5
 Presently pending before this Court is the Motion to Dismiss Appeal filed on behalf of the Twin City Bank, one of the creditors herein. As reflected by the pleadings which have been designated as part of the record on appeal, the present action originated with the filing of a foreclosure action in Pulaski County Chancery Court against the debtor herein, Dewey L. Buffington, Jr., by certain secured creditors who held mortgages upon unimproved and non-income producing real property of Buffington's. After Buffington had attempted unsuccessfully to dispose of the property named in the foreclosure suit, a hearing on the merits was scheduled in the Chancery Court for 9:00 a.m. on October 22, 1980. Upon that same date, at 8:14 a.m., Buffington filed in the Bankruptcy Court a Voluntary Petition for reorganization under Chapter XI, whereby the Chancery Court foreclosure proceedings were stayed. On January 14, 1981, First Service Corporation, the Twin City Bank, and the Metropolitan National Bank (secured creditors of Buffington who had been among those who filed the foreclosure action against him in state court) filed with the Bankruptcy Court a Complaint Seeking Relief from Stay and Abandonment of Property. On February 19, 1981, secured creditors John D. and Mary R. Toney (also parties in the Chancery Court suit) joined in the Complaint, in which it was contended that pursuant to 11 U.S.C. § 362(d)(2) the creditors were entitled either to have the court abstain or to grant relief from the stay against the Chancery Court proceedings. As reasons in support of their contention, the creditors alleged that Buffington had no equity in the property upon which they held mortgages; that the creditors' claims exceeded the market value of the property; that the accrual of daily interest was eroding the value of the collateral; and that the property in question was not necessary to an effective reorganization, citing Buffington's testimony at the December 29, 1980, first meeting of creditors to the effect that the property was undeveloped and generates no cash or income, that the property was ready to be sold, and that only by a sale would the creditors be able to make any recovery. The Complaint requested that the Bankruptcy Court abstain pursuant to 11 U.S.C. § 305, urging that the Chancery Court proceeding was ready for adjudication and that the Chapter XI action had been filed by Buffington for the sole purpose of delay.
 
 
 6
 A hearing was held on March 16 and 20, 1981, during which the testimony of numerous witnesses was taken and arguments of counsel were heard. Subsequent to the hearing Judge Adams issued his Order and Memorandum Opinion, which contains a detailed discussion of the testimony and of the status of the various creditors' liens against Buffington's property. This Court agrees with Judge Adams' assessment of the issue which had to be decided by him, to wit, whether Buffington possessed any equity in the property in question. The inescapable conclusion is that he did not. It is likewise clear that Buffington had no means by which to provide anything even approaching adequate protection to the creditors, and that the continuation of the Chapter XI case would inevitably result in the diminution of the estate and in unreasonable prejudice to the creditors. As the Bankruptcy Judge properly noted, not all debtors who file Chapter XI cases are fit candidates for reorganization. Thus the invocation of 11 U.S.C. § 305, as per the prayer in the creditors' complaint, was proper. That section provides that,
 
 
 7
 "Abstention.
 
 
 8
 "(a) The court, after notice and a hearing may dismiss a case under this title, or may suspend all proceedings in a case under this title (11 U.S.C. §§ 1, et seq.), at any time if-
 
 
 9
 "(1) The interests of creditors and the debtor would be better served by such dismissal or suspension; ..."
 
 
 10
 Section 305 also provides in subsection (c) that,
 
 
 11
 "An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise."
 
 
 12
 The Court finds that Judge Adams, who had the opportunity to observe the witnesses and hear the arguments of counsel firsthand, made the finding that in the instant case the interests of all parties concerned would best be served by abstention. The Court further finds from the record before it that such a conclusion was warranted and proper in all respects. (Buffington v. First Service Corp., No. LR-C-81-135 (E.D.Ark., Aug. 20, 1981) (memorandum and order) (footnotes omitted).)
 
 
 13
 The briefs and record clearly indicate that the bankruptcy court had entered its order after an adversary proceeding in which debtors asserted their own interests, as well as the interests of unsecured creditors. Furthermore, the chairman of the creditors' committee received notice of the proceedings and attended the hearing.
 
 
 14
 In this court, the debtors, nevertheless, attack the jurisdiction of the bankruptcy proceedings. Without citation to case authority, appellants assert in their brief that the bankruptcy court lacked jurisdiction to issue its abstention ruling, because the unsecured creditors did not receive twenty days' notice of the hearing pursuant to Interim Bankruptcy Rule 2002(b).[3] Appellants did not present these contentions to the bankruptcy judge or to the district court.
 
 
 15
 We reject this contention as essentially frivolous for the following reasons:1) The clerk of the bankruptcy court provided interested parties with notice of hearing on the secured creditors' complaint for relief from stay. No contention is made that such notice was not appropriate under the "particular circumstances," as required by 11 U.S.C. § 102(1)(A).
 
 
 16
 2) No challenge is made to the adequacy of the hearing under 11 U.S.C. § 362(d) for release from the automatic stay, or the notice thereof. The record discloses that interested persons, including the representative of the general creditors, received notice. The issue was decided in a contested hearing at which interested parties appeared, including the chairman of the (unsecured) creditors' committee. That sort of notice and hearing satisfies the requirements of 11 U.S.C. § 305(a)(1).[4]
 
 
 17
 3) Appellants who have litigated and lost on the merits of the section 305 and section 362(e) contentions have no ground to assert the rights of unsecured creditors relating to the mortgaged real estate, when the bankruptcy court has found that the debtors possessed no equity in that real estate.
 
 
 18
 4) Finally, appellants did not challenge the bankruptcy court's jurisdiction either in the bankruptcy court or in the district court before Judge Roy. The alleged defect in service, if any, did not deprive any person or party in interest of property right without due process.
 
 
 19
 We reject the appeal as essentially frivolous and affirm the judgment of the district court.
 
 
 20
 Because of repetitious litigation, both here and in the district court, we think it appropriate to assess double costs against the appellant and his counsel.[5]
 
 
 21
 Let the mandate issue forthwith, reserving the right of the appellants to move for a rehearing.
 
 
 
 *
 RONALD N. DAVIES, United States Senior District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 In the first appeal before this court, debtors appealed from an order of G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas, denying the requested relief
 
 
 [2]
 The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas
 
 
 [3]
 The rule provides in pertinent part:
 (T)he clerk of the bankruptcy court shall give all creditors, equity security holders and indenture trustees at least 20 days' notice by mail of * * * (4) the hearing on the dismissal or conversion to another chapter of a case when notice is required by § 1112(b) of the Code(.) (Interim Bankruptcy Rule 2002(b).)
 
 
 [4]
 Section 305 of the Bankruptcy Act states:
 § 305. Abstention
 (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if-
 (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or
 (2)(A) there is pending a foreign proceeding; and
 (B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.
 (b) A foreign representative may seek dismissal or suspension under subsection (a)(2) of this section.
 (c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise.
 
 
 [5]
 Counsel processed this appeal without obtaining a bond for costs on appeal for $3,000, as required by Fed.R.App.P. 7 and an order of the district court. His clients, the appellants/debtors, have filed a bankruptcy petition. Under these circumstances, we think counsel should personally be obligated for double costs in filing this repetitious and frivolous appeal